1   Richard J. Reynolds (SBN 89911)
    E-Mail: rreynolds@bwslaw.com
2   Keiko J. Kojima (SBN 206595)
    E-mail:  kkojima@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA  90071-2953
    Tel:  213.236.0600      Fax:  213.236.2700
5
    Attorneys for Defendant
6   MTC Financial Inc. dba Trustee Corps

7

8                    **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

10

11  GERALD CAREY GARWOOD,          Case No.  5:16-cv-01749-KK

12          Plaintiff,              **DEFENDANT MTC FINANCIAL
                                    INC. DBA TRUSTEE CORPS'**
13  v.                             **NOTICE OF MOTION AND
                                    MOTION TO DISMISS**
14  FEDERAL NATIONAL MORTGAGE       **PLAINTIFF'S COMPLAINT OR,
    ASSOCIATION, BANK OF            ALTERNATIVELY, FOR A MORE**
15  AMERICA, NA, SETERUS, INC.,     **DEFINITE STATEMENT;**
    MTC FINANCIAL dba TRUSTEE       **MEMORANDUM OF POINTS AND**
16  CORPS, and DOES 1-15,          **AUTHORITIES IN SUPPORT
                                    THEREOF**
17          Defendants.
                                    **[Fed. R. Civ. P. Rule 12 (b)(6); Rule
18                                  12(e)]**

19                                  [Filed concurrently with: Request for
                                    Judicial Notice; Declaration of Keiko J.
20                                  Kojima; (Proposed) Order]

21                                  Date:        October 13, 2016
                                    Time:        10:00 a.m.
22                                  Dept:        3 or 4, 3rd Floor

23                                  Honorable Kenly Kiya Kato

24

25         **TO THE COURT, TO PLAINTIFF, AND TO ALL PARTIES AND**

26  **THEIR ATTORNEYS OF RECORD:**

27         **PLEASE TAKE NOTICE** that on October 13, 2016, at 10:00 a.m., in

28  Courtroom 3 or 4, or as soon thereafter as the matter may be heard, in the above-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 1 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   entitled Court located at 3470 Twelfth Street Riverside, California 92501-3801,

2   Defendant MTC Financial Inc. dba Trustee Corps, erroneously sued herein as MTC

3   Financial dba Trustee Corps ("Trustee Corps"), will and hereby does move this

4   Court to dismiss the Complaint of Plaintiff, for failure to state a claim upon which

5   relief may be granted, or alternatively, for a more definite statement under Rule

6   12(e) of the Federal Rules of Civil Procedure. This Motion is made and based upon

7   Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure.

8           Specifically and further, Defendant Trustee Corps moves to dismiss with

9   prejudice the following claims without leave to amend:

10          1.      Plaintiff's First Cause of Action – Violations of the Truth in Lending

11  Act on grounds of failure to state a claim upon which relief may be granted.

12          2.      Plaintiff's Third Cause of Action – Fraud on grounds of failure to state

13  a claim upon which relief may be granted and/or lack of pleading fraud against

14  Trustee Corps with particularity.

15          3.      Plaintiff's Fifth Cause of Action – Wrongful foreclosure on grounds of

16  failure to state a claim upon which relief may be granted.

17          4.      Plaintiff's Class Action allegations – Plaintiff, who is pro se, cannot

18  maintain standing to serve as a class representative.

19          This Motion will be made and based upon this Notice, the Memorandum of

20  Points and Authorities, the Request for Judicial Notice submitted herewith, and

21  upon all pleadings, papers and documents on file herein, together with those matters

22  of which judicial notice has been requested, and any oral argument which may be

23  presented at the time of the hearing.

24  ///

25  ///

26  ///

27  ///

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371

- 2 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1    This motion is made following Trustee Corps' meet and confer with Plaintiff

2    which took place on August 29 and 30, 2016.

3

4    Dated:  September 6, 2016              Burke, Williams & Sorensen, LLP

5

6                                          By:  /s/ *Keiko J. Kojima*
                                              Richard J. Reynolds
7                                             Keiko J. Kojima
                                           Attorneys for Defendants
8                                          MTC Financial Inc. dba Trustee Corps

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371                          - 3 -          DEFENDANT TRUSTEE CORPS' MOTION TO
                                                   DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................1

II.  BACKGROUND .........................................................................2

III.  STANDARDS APPLICABLE TO MOTIONS TO DISMISS ......................3

    A.  Pleading Requirements In General. .....................................3

    B.  Construction of Exhibits Referred to in the Complaint or Attached to a Rule 12(b)(6) Motion. ..................................4

IV.  TRUSTEE CORPS' ALLEGED ACTIONS WERE PRIVILEGED UNDER CALIFORNIA CIVIL CODE §47 AND CIVIL CODE §2924(D) ....................................................................4

V.  TRUSTEE CORPS OWES NO DUTIES TO PLAINTIFF, OTHER THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST AND APPLICABLE STATUTES ...................................6

VI.  PLAINTIFF'S CAUSES OF ACTIONS AGAINST TRUSTEE CORPS FAIL AS A MATTER OF LAW ....................................8

    A.  The First Cause Of Action For Violation Of The Truth In Lending Act Fails ......................................................8

    B.  Plaintiff's Third Cause Of Action For Fraud Must Be Dismissed Against Trustee Corps. ......................................9

    C.  Plaintiff's Fifth Cause Of Action For Wrongful Foreclosure Is Premature. ..............................................10

VII.  PLAINTIFF'S CLASS ACTION ALLEGATIONS SHOULD BE STRICKEN. .................................................................13

VIII.  IF THE COURT DOES NOT GRANT TRUSTEE CORPS' MOTION TO DISMISS, IT SHOULD REQUIRE PLAINTIFF TO FILE A MORE DEFINITE STATEMENT OF HIS CLAIMS ...................14

IX.  CONCLUSION ......................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## **Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2008)............................................................................4

*Bell Atlantic Corp. v. Twombly*
   (2007) __ U.S. __.............................................................................14

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007)............................................................................4

*Cerecedes v. U.S. Bankcorp*,
   2011 WL 271107 (C.D.Cal. 2011) ...................................................12

*Cisneros v. Instant Capital Funding Group*,
   263 F.R.D. 595 (E.D. Cal. 2009).......................................................5

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994)................................................................3

*DeLeon v. Wells Fargo Bank, NA*,
   2011 WL 311376 (N.D. Cal. 2011)..................................................10

*Emrich v. Touche Ross & Co.*,
   846 F.2d 1190 (9th Cir. 1988)............................................................4

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
   525 F.Supp. 940 (E.D. Cal. 1981) ...................................................14

*Fecht v. Price Co.*,
   70 F.3d 1078 (9th Cir. 1995)..............................................................9

*United States v. Gaubert*,
   499 U.S. 315 (1991)............................................................................4

*Jacobson v. Balboa Arms Drive Trust #5402*,
   2011 WL 2784126 (S.D. Cal. 2011)...................................................5

*Labuanan v. U.S. Bank Nat. Ass'n*,
   773 F. Supp. 2d 900 (D. Haw. 2011)..................................................9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- ii -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

*Lam v. City & Cty. of San Francisco*,
  No. C 10-4641 PJH, 2015 WL 2198505 (N.D. Cal. May 11, 2015) .................13

*Mayer v. Mylod*,
  988 F.2d 635 (6th Cir. 1993)..................................................................................3

*McShane v. United States*,
  366 F.2d 286 (9th Cir. 1966)................................................................................13

*Ortiz v. Accredited Home Lenders, Inc.*,
  639 F.Supp.2d 1159 (S.D. Cal. 2009) ...................................................................9

*Parks School of Business, Inc. v. Symington*,
  51 F.3d 1480 (9th Cir. 1995).................................................................................4

*Rodriguez v. JP Morgan Chase & Co.*,
  809 F.Supp.2d 1291 (S.D. Cal. 2011) ...................................................................5

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F. Supp. 2d 952 (N.D. Cal. 2010)..................................................................10

*Russell v. United States*,
  308 F.2d 78 (9th Cir. 1962)..............................................................................2, 13

*Salazar v. Tr. Corps*,
  No. 08-CV-2142, 2009 WL 690185 (S.D. Cal. Mar. 12, 2009)...........................8

*Sanders v. Kennedy*,
  794 F.2d 478 (9th Cir. 1986).................................................................................3

*Schreiber Dist. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986)...............................................................................9

*Shwarz v. United States*,
  234 F.3d 428 (9th Cir. 2000).................................................................................4

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007).................................................................................9

### State Cases

*Bank of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.*,
  180 Cal.App.4th 1090 (2009).................................................................................7

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- iii -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

*Bartlett v. State of California*,
   145 Cal.App.2d 50 ....................................................................6

*Debrunner v. Deutsche Bank National Trust Company*,
   204 Cal.App.4th 433,440 (2012) ........................................1, 11

*Diediker v. Peelle Financial Corp.*,
   60 Cal.App.4th 288 (1997) ......................................................7

*Fontenot v. Wells Fargo Bank, N.A.*,
   198 Cal.App.4th 256 (2011) ..................................................12

*Gaffney v. Downey Sav. & Loan Assn.*,
   200 Cal.App.3d 1154 (1988) ..................................................13

*Garretson v. Post*,
   156 Cal.App. 4th 1508 (2007) ................................................5

*Hagberg v. California Federal Bank FSB*,
   32 Cal.4th 350 (2004) .............................................................5

*Heritage Oaks Partners v. First American Title Ins. Co.*,
   155 Cal.App.4th 339 (2007) ....................................................7

*Herrera v. Federal Nat. Mortg. Assn.*,
   205 Cal.App.4th 1495 (2012) ................................................11

*Jenkins v. JPMorgan Chase*,
   216 Cal.App.4th 497 (2013) ..................................................12

*Kachlon v. Markowitz*,
   168 Cal.App.4th 316 (2008) ....................................................6

*Monterey S.P. Partnership v. W.L. Bangham, Inc.*,
   49 Cal.3d 454 (1989) ..............................................................7

*Munger v. Moore*,
   11 Cal.App.3d 1 (1970) ..........................................................10

*Pro Value Properties, Inc. v. Quality Loan Service Corp.*,
   170 Cal.App.4th 579 (2009) ....................................................7

*Saterbak v. JPMorgan Chase, N.A.*,
   245 Cal.App.4th 808 (2016) ..................................................12

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- iv -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

*Saterbak v. JPMorgan Chase, N.A.*,
    245 Cal.App.4th at 759 ...................................................................................13

*Silberg v. Anderson*,
    50 Cal.3d 205 (1990) .................................................................................5, 6

*Siliga v. Mortgage Electronic Registration Systems, Inc.*,
    219 Cal.App.4th 75 (2013)........................................................................2, 11

*Yvanova v. New Century Mortgage Corp.*,
    62 Cal. 4th 919 (2016) ...................................................................................12

## Federal Statutes

15 U.S.C.A. §1601, *et seq.* (TILA) ...............................................................1, 8, 9

15 U.S.C. § 1640(e) ............................................................................................9

## State Statutes

Civil Code
    § 47...........................................................................................................1, 4, 5, 6
    § 47(c) ...............................................................................................................6
    §§ 2920-2944.5 .................................................................................................5
    § 2924(a).............................................................................................................6
    § 2924(b).............................................................................................................6
    § 2924(d) .................................................................................................1, 4, 5, 6
    § 2924(j) .............................................................................................................5
    § 2924b(b) ...........................................................................................................5
    § 2924h(c)...........................................................................................................5

## Rules

Fed.R.Civ.P.
    Rule 8 ...............................................................................................................14
    Rule 8(a)(2) .........................................................................................................8
    Rule 8(e) ...........................................................................................................14
    Rule 9(b)........................................................................................................9, 12
    Rule 12(b)(6) ...................................................................................................3, 4
    Rule 12(e) ......................................................................................................2, 14

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- v -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pro se plaintiff Gerald Carey Garwood ("Garwood") has brought this purported class action "adversary proceeding" against multiple defendants alleging causes of actions under the Truth in Lending Act, breach of fiduciary duty, fraud, cancelation of instruments, and wrongful foreclosure.  The Complaint, which is largely incoherent, pleads no viable claims for relief against MTC Financial Inc. dba Trustee Corps ("Trustee Corps").

First, Trustee Corps is simply a substituted foreclosure trustee in this matter; it is neither a first trust deed beneficiary, nor lender, nor loan servicer.  Trustee Corps merely carries out its foreclosure duties pursuant to statute and the deed of trust.  Trustee Corps' ministerial actions are privileged.  *Civil Code* §§2924(d) and 47.

Second, Plaintiff cannot state a claim for violations of the Truth in Lending Act against Trustee Corps, which is not a lender.  The TILA claim was also filed well beyond the one-year statute of limitations, alleges no facts as against Trustee Corps, and impermissibly seeks "recoupment," which is not applicable to non-judicial foreclosures.

Third, Plaintiff's claim for fraud cannot be sustained against Trustee Corps. The fraud allegations pertain to Countrywide's alleged misrepresentations, not those of Trustee Corps.  Fraud must be pled with specificity.

Fourth, Plaintiff's wrongful foreclosure cause of action fails because no foreclosure sale has taken place.  Even still, it fails because Plaintiff's legal premises are wrong.  Trustee Corps does not need to have the note in order to conduct a non-judicial foreclosure.  *Debrunner v. Deutsche Bank National Trust Company*, 204 Cal.App.4th 433,440 (2012).  Moreover, Plaintiff's allegations of improper securitization and false assignments do not bar the non-judicial

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371

- 1 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   foreclosure process.  *Siliga v. Mortgage Electronic Registration Systems, Inc*., 219

2   Cal.App.4th 75, 85 (2013).

3       Fifth, Plaintiff's class action allegations must be stricken because he cannot

4   serve as a class representative as a pro se plaintiff.  *Russell v. United States*, 308

5   F.2d 78, 79 (9th Cir. 1962).  His inability to do so is readily apparent when reading

6   through his Complaint.

7       Lastly, to the extent its motion to dismiss is not granted, Trustee Corps

8   moves for a more definite statement under Rule 12(e) because the Complaint, as

9   pled, contains extraneous and unintelligible allegations.

10      Accordingly, Trustee Corps' motion to dismiss should be granted without

11  leave to amend.

12  **II.   BACKGROUND**

13      On July 18, 2006, a Deed of Trust ("DOT") was recorded, identifying the

14  Borrower as Gerald Garwood, the Lender as Countrywide Home Loans, Inc., the

15  Trustee as Recontrust Company, N.A., and the beneficiary as Mortgage Electronic

16  Registration Systems, Inc. ("MERS"), identified as acting solely as nominee for the

17  Lender and the Lender's successors and assigns.  (RJN, Exh. 1.)  The DOT refers to

18  and secures a Note for the principal sum of $308,000.00 plus interest thereon (the

19  "Note").  The real property securing the Note is 77644 Missouri Drive, Palm

20  Desert.

21      On November 4, 2011, an Assignment of Deed of Trust was recorded

22  wherein MERS as nominee for Countrywide Home Loans, Inc. and its successors

23  and assigns, assigned all beneficial interest under the DOT to Bank of America,

24  N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide

25  Home Loans Servicing, LP ("Bank of America, N.A.") ("ASST1").  (RJN, Exh. 2.)

26      On April 24, 2013, a Substitution of Trustee was recorded wherein Bank of

27  America, N.A. substituted Clear Recon Corp as the trustee.  (RJN, Exh. 3.)

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371

- 2 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1    On August 29, 2013, a Loan Modification Agreement was recorded for the

2  subject property.  (RJN, Exh. 4.)

3    On August 19, 2014, a Substitution of Trustee was recorded wherein Bank of

4  America, N.A. substituted Trustee Corps as the trustee.  (RJN, Exh. 5.)

5    On August 20, 2014, Trustee Corps recorded a Notice of Default and

6  Election to Sell Under Deed of Trust ("NOD") stating the amount due as of August

7  18, 2014 to be $8,537.63.  (RJN, Exh. 6.)

8    On November 21, 2014 Trustee Corps recorded a Notice of Trustee's Sale

9  for the Subject Property ("NOS1").  (RJN, Exh. 7.)

10    On May 13, 2015, an Assignment of Deed of Trust was recorded wherein

11  Bank of America, N.A. transferred its interest in the DOT to Federal National

12  Mortgage Association ("ASSMT").  (RJN, Exh. 8.)

13    On December 30, 2015, Trustee Corps recorded a Notice of Trustee's Sale

14  for the Subject Property ("NOS2").  (RJN, Exh. 9.)

15  **III.**    **STANDARDS APPLICABLE TO MOTIONS TO DISMISS**

16      **A.**    **Pleading Requirements In General.**

17    A motion to dismiss is proper under Fed.R.Civ.P. Rule 12(b)(6) where the

18  pleadings fail to state a claim upon which relief can be granted.  Rule 12(b)(6)

19  allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to

20  legal relief even if everything in the alleged complaint is true."  *Mayer v. Mylod*,

21  988 F.2d 635, 638 (6th Cir. 1993).

22    In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light

23  most favorable to the non-moving party, and all material allegations in the

24  complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.

25  1986).  The court, however, is not required to accept legal conclusions cast in the

26  form of factual allegations if those conclusions cannot reasonably be drawn from

27  the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir.

28  1994).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 3 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state

2   a claim is proper only if the pleadings fail to allege enough facts so as to

3   demonstrate a 'plausible entitlement to relief.'  *Bell Atlantic v. Twombly*, 550 U.S.

4   544, 553-558 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to

5   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

6   the "grounds" of her "entitle[ment] to relief" requires more than labels and

7   conclusions; a formulaic recitation of the elements of a cause of action will not do.

8   Factual allegations must be enough to raise a right to relief above the speculative

9   level on the assumption that all the allegations in the complaint are true (even if

10   doubtful in fact).  *Id.*  Only a complaint that states a plausible claim for relief

11   survives a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950

12   (2008) *citing Bell Atlantic v. Twombly*, 550 U.S. at 556.

13   **B.   Construction of Exhibits Referred to in the Complaint or Attached**

14   **to a Rule 12(b)(6) Motion.**

15   "The court need not accept as true... allegations that contradict facts that may

16   be judicially noticed by the court, and may consider documents that are in the

17   complaint whose authenticity no party questions." *Shwarz v. United States*, 234

18   F.3d 428, 435 (9th Cir. 2000) (citations omitted).

19   "[E]xhibits attached to the complaint, as well as matters of public record may

20   be considered in determining whether dismissal was proper without converting the

21   motion to one for summary judgment. *Parks School of Business, Inc. v. Symington*,

22   51 F.3d 1480, 1484 (9th Cir. 1995).[1]

23   **IV.   TRUSTEE CORPS' ALLEGED ACTIONS WERE PRIVILEGED**

24   **UNDER CALIFORNIA CIVIL CODE §47 AND CIVIL CODE §2924(d)**

25   Dismissal under Rule 12(b)(6) is appropriate where defendants have statutory

26   or common law immunities. *United States v. Gaubert*, 499 U.S. 315, 324-325

27

28   [1]  The court may also take judicial notice of documents that are "a matter of general public record." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 4 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   (1991) (Federal Tort Claims Act discretionary function exception).  Here, dismissal

2   of the entire Complaint is appropriate, as foreclosure trustees have statutory

3   immunity from damages claims.

4        Civil Code §2924(d), which is at the beginning of the statutes governing

5   foreclosures, specifically provides that the mailing, publication, and delivery of

6   notices as required therein, and the performance of the procedures set forth in the

7   Article,[2] shall constitute <u>privileged</u> communications within Civil Code §47.  This

8   encompasses the entire foreclosure process.  Although the statute originally was

9   understood as applicable to the tort of defamation, the courts have extended the

10  privilege it provides to other tort claims.  *Hagberg v. California Federal Bank FSB*,

11  32 Cal.4th 350, 361 (2004).  Where a privileged publication forms the basis for the

12  tort, Section 47 may defeat claims for abuse of process, intentional infliction of

13  emotional distress, inducing breach of contract, interference with prospective

14  advantage, negligent misrepresentation, invasion of privacy, and negligence.  The

15  <u>only</u> exception is for malicious prosecution actions.  *Silberg v. Anderson*, 50 Cal.3d

16  205, 213-15 (1990).

17       A number of Courts have held that the litigation privilege to be applied to

18  foreclosure trustees is the absolute standard.  *Cisneros v. Instant Capital Funding

19  Group*, 263 F.R.D. 595, 609-610 (E.D. Cal. 2009); *Garretson v. Post*, 156 Cal.App.

20  4th 1508, 1517-1518 (2007) (4th Appellate District); *Jacobson v. Balboa Arms

21  Drive Trust #5402*, 2011 WL 2784126 at *9 (S.D. Cal. 2011); *Rodriguez v. JP

22  Morgan Chase & Co.*, 809 F.Supp.2d 1291, 1299 (S.D. Cal. 2011).  However, other

23  courts held that trustee's actions are considered to be to be privileged commun-

24  ications under the less protective standard of a qualified common interest privilege.

25

26

27   [2]  The "Article" encompasses the entire sale process.  It covers Sections 2920
     through 2944.5, includes provisions for the issuance and recording of notices of
28   default (Civil Code §2924b(b)), notices of sale (*Id.*), and trustee's deeds upon sale
     (Civil Code §§2924h(c) and 2924j).

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1          - 5 -          DEFENDANT TRUSTEE CORPS' MOTION TO
06190-1371                                    DISMISS PLAINTIFF'S COMPLAINT

1   *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333 (2008).[3]  This standard still

2   requires that Plaintiff factually plead that the trustee acted with malice in order to

3   overcome the immunity protections of Civil Code §47.  *Id.*  Plaintiff has not alleged

4   factually any malice by Trustee Corps.  Therefore, Trustee Corps' actions are

5   privileged under either standard.[4]

6          Therefore, under Civil Code §§2924(d) and 47, Trustee Corps' actions in

7   performance of its duties during the foreclosure process are privileged.  As *Silberg*,

8   clearly details, the privilege <u>completely defeats</u> Plaintiff's claims alleged against

9   Trustee Corps.  *Silberg*, *supra*, 50 Cal.3d 205 at 215.  Plaintiff cannot show Trustee

10  Corps has any liability.  Trustee Corps' Motion should be granted without leave to

11  amend.

12  **V.    TRUSTEE CORPS OWES NO DUTIES TO PLAINTIFF, OTHER**

13          **THAN THOSE SPECIFICALLY STATED IN THE DEED OF TRUST**

14          **AND APPLICABLE STATUTES**

15         Before any liability for failure to act may exist, there must have been a duty

16  to act under the circumstances.  *Bartlett v. State of California*, 145 Cal.App.2d 50,

17  56-57(1945).  However, the trustee performs only *ministerial acts* that result in the

18

19  _____

20      [3]  The concept of "fraud" and *Civil Code* §47(c) (qualified privilege) intellectually does not make sense as discussed in *Kachlon*.  If there was a qualified privilege, it could be overcome by the showing of "malice," not fraud.  *Kachlon* extrapolates from

21  the defamation cases and the concept of malice to come up with the fraud exception.  It is essentially impossible for a foreclosure trustee to commit fraud, as *it has no common law duty to disclose*.  Its duties are set forth in the Civil Code, and the foreclosure

22  procedures are statutorily prescribed, even to the point of mandating what must be in a Notice of Default and Notice of Trustee's Sale.  *See* Civil Code §2924(a).  Only if a

23  trustee committed an act outside of the scope of its duties and causing prejudice thereby (for example, *deliberately* notifying the Trustor that the sale had been

24  continued to an incorrect date), could a fraud allegation withstand a challenge to the pleading.

25      [4]  Trustee Corps also has immunity under Cal. Civ. Code §2924(b) which states:  "In performing acts required by this article, the trustee shall incur no liability for any good faith

26  error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of

27  trust, or mortgage."  In the instant case, there is nothing pleaded factually to show Trustee Corps committed an error not in good faith.

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371                                    - 6 -                        DEFENDANT TRUSTEE CORPS' MOTION TO
                                                                            DISMISS PLAINTIFF'S COMPLAINT

transfer of title.  *Pro Value Properties, Inc. v. Quality Loan Service Corp*., 170 Cal.App.4th 579, 583 (2009).

Common law does not impose any additional obligations on the foreclosure trustee other those specifically stated in the deed of trust or the governing statutes. *Diediker v. Peelle Financial Corp.*, 60 Cal.App.4th 288, 295 (1997).  Thus, the scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes.  *Bank of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.*, 180 Cal.App.4th 1090, 1097-1098, 1104 (2009) (trustee's rights, powers, and duties regarding notice of default and sale strictly defined and limited by statutory scheme; Legislature intended to protect trustees from costly litigation).  No other common law duties exist.  *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, *supra*, 170 Cal.App.4th at 583.

A trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property.  Nor it is bound by the fiduciary duties that characterize a true trustee.  *Monterey S.P. Partnership v. W.L. Bangham, Inc.*, 49 Cal.3d 454, 462-463 (1989).

Here, Trustee Corps merely acted as a common agent for the trustor and beneficiary of the deed of trust.  *Pro Value Properties, Inc. v. Quality Loan Service Corp., supra*, 170 Cal.App.4th at 583.  As such, the only duties of a trustee under a deed of trust are: (1) upon default, to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt, to reconvey the deed of trust.  *Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal.App.4th 339, 345 (2007).

There are no facts pleaded revealing that Trustee Corps acted outside its role as a foreclosure trustee.  There are no facts pleaded to show Trustee Corps committed or participated in any act of fraud or other illegal conduct.  Thus, because Trustee Corps' foreclosure duties are defined and limited by statute, and because of the statutory protection afforded to trustees providing immunity from

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 7 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   suit, no claim herein against Trustee Corps arising from its actions taken during the

2   foreclosure process can be stated.

3   **VI.   PLAINTIFF'S CAUSES OF ACTIONS AGAINST TRUSTEE CORPS**

4   **FAIL AS A MATTER OF LAW**

5       **A.   The First Cause Of Action For Violation Of The Truth In Lending**

6       **Act Fails**

7       The First Cause of Action alleges a violation of the Truth in Lending Act

8   ("TILA"), 15 U.S.C.A. §1601, et seq. for failure to provide required disclosures at

9   the time the loan was originally made.  (Complaint, ¶¶60-61.)  The TILA claim

10  fails for many reasons.

11      First, Trustee Corps cannot be held liable under the First Cause of Action for

12  violation of the Truth in Lending Act, 15 USC § 1601, *et seq*, because it is

13  dependent upon Trustee Corps being a lender.

14      Second, the claim contains no allegations against Trustee Corps and merely

15  alleges that <u>Countrywide</u> engaged in predatory lending practices.  Plaintiff claims

16  that Countrywide falsely stated his income, that Countrywide failed to verify his

17  income, and that Countrywide failed to disclose the amount financed, the finance

18  charges, and the annual percentage rate applicable to the loan.  (Complaint, ¶¶60-

19  61.)  Not only is Trustee Corps not a lender, but there are no (and there cannot be)

20  any factual allegations asserted against Trustee Corps for the purported TILA cause

21  of action.  In *Salazar v. Tr. Corps*, No. 08-CV-2142, 2009 WL 690185, at *8 (S.D.

22  Cal. Mar. 12, 2009), the court similarly dismissed the plaintiff's TILA claim against

23  Trustee Corps on the basis that no factual allegations were stated against it.  *Id*. at

24  *8 ("Plaintiff's allegations are by definition speculative, and do not even rise to the

25  level of 'a short and plain statement of the claim showing that the pleader is entitled

26  to relief,' as required by Fed.R.Civ.P. 8(a)(2).")

27      Third, the cause of action is untimely.  A request for any damages under

28  TILA is subject to a one year statute of limitations, typically running from the date

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 8 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   of the occurrence of the violation.  15 U.S.C. § 1640(e).  Plaintiff obtained the loan
2   in question in 2006, but did not file this action until August 16, 2016.  (Doc. No. 1,
3   Compl.; Doc. No. 1–1, page ID #63 (showing 7/11/2006 as Date of Deed of Trust ).
4   Because Plaintiff brought his TILA damages claim more than one year after the
5   date of the occurrence of the alleged violations, the claim is time-barred.

6        Fourth, Plaintiff's claim for "recoupment" under TILA fails as a matter of
7   law.  The recoupment claim must be asserted as a "defense" in an "action to collect
8   a debt."  15 U.S.C. § 1640(e).  However, a non-judicial foreclosure is not an "action
9   to collect a debt" within the meaning of Section 1640(e).  *Ortiz v. Accredited Home*
10  *Lenders, Inc.*, 639 F.Supp.2d 1159, 1165 (S.D. Cal. 2009) (holding that non-judicial
11  foreclosures are not "actions" as contemplated by TILA because "actions" refer to
12  judicial proceedings).  *Labuanan v. U.S. Bank Nat. Ass'n*, 773 F. Supp. 2d 900, 909
13  (D. Haw. 2011).  Accordingly, the recoupment claim must be dismissed.

14      **B.    Plaintiff's Third Cause Of Action For Fraud Must Be Dismissed**
15           **Against Trustee Corps**

16       Federal Rules of Civil Procedure Rule 9(b) requires all allegations of fraud to
17  be stated "with particularity."  To satisfy the additional burdens imposed by Rule
18  9(b), the plaintiff must allege "the time, place and nature of the alleged fraudulent
19  activities."  *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).  In addition,
20  Rule 9(b) "does not allow a complaint to merely lump multiple defendants together
21  but require[s] plaintiffs to differentiate their allegations when suing more than one
22  defendant ... and inform each defendant separately of the allegations surrounding
23  her alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756,
24  764-765 (9th Cir. 2007) (quotation omitted).  "In the context of a fraud suit
25  involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of
26  [each] defendant[ ] in the alleged fraudulent scheme.'"  *Id*. at 765 (quoting *Moore v.*
27  *Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989)).  *See also*,
28  *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 9 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1    1986) (the pleader must allege the "time, place, and specific content of the false

2    representations as well as the identities of the parties to the misrepresentation").

3        Plaintiff has not met these mandatory pleading requirements.  There are no

4    allegations of misrepresentations by Trustee Corps.  Rather, all allegations concern

5    Countrywide's purported misrepresentations.  (Complaint, ¶¶79-83.)  There are no

6    allegations of any specific misrepresentation by Trustee Corps, nonetheless any

7    specific person at Trustee Corps.  *Second*, lacking an actual, specific

8    misrepresentation by a person at Trustee Corps, Plaintiff has no basis for any

9    alleged justifiable reliance on Trustee Corps.  *Third*, Plaintiff alleged no facts

10   showing a specific person at Trustee Corps' intended to defraud him.  *Fourth*, there

11   cannot have been any *proximately* caused damages because Plaintiff has not

12   detrimentally relied on any allegedly false representations.  *See also*, *DeLeon v.*

13   *Wells Fargo Bank*, *supra*, 2011 WL 311376 at *8-9 (misrepresentations did not

14   cause loss of home at foreclosure sale; Plaintiff's failure to tender amount due

15   caused loss of home).

16       For all the foregoing reasons, Plaintiff's Third Cause of Action against

17   Trustee Corps should be dismissed with prejudice.

18   **C.**   **Plaintiff's Fifth Cause Of Action For Wrongful Foreclosure Is**

19       **Premature**

20       Plaintiff's wrongful foreclosure claim fails for a threshold reason – there was

21   no foreclosure sale of the subject property.  A lender or foreclosure trustee may

22   only be liable to the mortgagor or trustor for wrongful foreclosure if the property

23   was fraudulently or illegally sold under a power of sale contained in a mortgage or

24   deed of trust.  *Munger v. Moore*, 11 Cal.App.3d 1, 7 (1970).  Here, a foreclosure

25   sale did not take place.  Accordingly, this cause of action is premature.  *Rosenfeld v.*

26   *JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) (wrongful

27   foreclosure action dismissed because there was no sale).  Nonetheless, Plaintiff's

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371

- 10 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

allegations of a lack of a note or improper assignment cannot sustain a wrongful foreclosure action.

Trustee Corps does not need to have the note in order to conduct a non-judicial foreclosure.  The courts "[a]ll have noted that the procedures to be followed in a non-judicial foreclosure are governed by sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure."  *Debrunner v. Deutsche Bank National Trust Company*, 204 Cal.App.4th 433,440 (2012).  The courts have further held:

> "There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure.  Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.
> . . .
> Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Id.* at p. 441.

There are simply no "note" requirements under the foreclosure process.

Moreover, Plaintiff's allegations of improper securitization and false assignments do not bar the non-judicial foreclosure process.  He lacks standing to make any such claims.  *See Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal.App.4th 75, 85 (2013) (the "assignment of the deed of trust and the note did not change the Siligas' obligations under the note . . . . the Siligas have no standing to complain about any alleged lack of authority or defective assignment."); *Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1507 (2012) ("Even assuming plaintiffs can allege specific facts showing that MERS assignment of the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 11 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1  DOT to OneWest and OneWest's assignment to Fannie Mae were void, under

2  Fontenot plaintiffs must also show plaintiffs were prejudiced…"); *Cerecedes v.*

3  *U.S. Bankcorp*, 2011 WL 271107 *5 (C.D.Cal. 2011) ("Rule 9(b) and Twombly

4  require plaintiffs to set forth more than bare allegations of 'robo-signing' without

5  any other factual support.)

6       As explained in *Fontenot v. Wells Fargo Bank, N.A.*,198 Cal.App.4th 256,

7  272 (2011).

> "Because a promissory note is a negotiable instrument, a
> borrower must anticipate it can and might be transferred
> to another creditor.  As to plaintiff, an assignment merely
> substituted one creditor for another, without changing her
> obligations under the note.  Plaintiff effectively concedes
> she was in default, and she does not allege that the
> transfer … interfered in any manner with her payment of
> the note… nor that the original lender would have
> refrained from foreclosure under the circumstances
> presented."

16       California law makes clear that Plaintiff may not bring a preemptive suit to

17  challenge the standing of a lender to perform a non-judicial foreclosure by trying to

18  show an assignment is void.  Courts have repeatedly noted that allowing such suits

19  "would result in the impermissible interjection of the courts into a non-judicial

20  system enacted by the California Legislature."  *Saterbak v. JPMorgan Chase, N.A.*,

21  245 Cal.App.4th 808, 814 (2016).  Such suits would also "introduce the possibility

22  of lawsuits filed solely for the purpose of delaying valid foreclosures."  *Jenkins v.*

23  *JPMorgan Chase,* 216 Cal.App.4th 497, 513 (2013).[5]

---

[5] While the Supreme Court in *Yvanova v. New Century Mortgage Corp.* limited the application of *Jenkins* where a foreclosure sale has taken place, that limitation does not apply here because no foreclosure sale has occurred.  The *Yvanova* Court specifically held that its "ruling in this case is a narrow one ... We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."  *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 924 (2016).  As a result, *Jenkins* still controls in this matter.  Courts have continued to follow *Jenkins* in pre-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 12 -

DEFENDANT TRUSTEE CORPS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   There is nothing pleaded to show Plaintiff was prejudiced by an alleged
2   defective or fraudulent assignment.  It is clear that Plaintiff has been in default and
3   Plaintiff has pleaded factually nothing to reflect prejudice by any allegedly
4   defective or fraudulent assignment to pay his loan, cure his default, or tender.  If
5   Plaintiff has sustained damages, it is because he defaulted on his loan, and he has
6   neither cured nor tendered.

7   Lastly, Plaintiff must, but has not, tendered the required payments.   It is a
8   debtor's responsibility to make an unambiguous tender of the entire amount due or
9   else suffer the consequence that the tender is of no effect.  *Gaffney v. Downey Sav.*
10  *& Loan Assn.*, 200 Cal.App.3d 1154, 1165 (1988).  Plaintiff did not make an
11  unambiguous tender and does not allege there was any tender.

12  Accordingly, the Fifth Cause of Action for Wrongful Foreclosure should be
13  dismissed without leave to amend.

14  **VII.   PLAINTIFF'S CLASS ACTION ALLEGATIONS SHOULD BE**
15  **STRICKEN**

16  Plaintiff has asserted class action allegations as part of his Complaint.
17  (Complaint, ¶¶109-116.)  He also purports to act as a "Private Attorney General."
18  (Complaint, caption.)  Plaintiff's class action allegations should be stricken.
19  "[U]nrepresented plaintiffs may not represent a class."  *Lam v. City & Cty. of San*
20  *Francisco*, No. C 10-4641 PJH, 2015 WL 2198505, at *3 (N.D. Cal. May 11, 2015)
21  citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)
22  (holding that a pro se litigant may not appear as an attorney for others); *Russell v.*
23  *United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria
24  persona has no authority to represent anyone other than himself"); *McShane v.*
25  *United States*, 366 F.2d 286, 288 (9th Cir. 1966).  Plaintiff's class action claims can

26

27  foreclosure actions subsequent to *Yvanova.  See e.g.*, *Saterbak v. JPMorgan Chase,*
28  *N.A.*, 245 Cal.App.4th at 759.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-4503-9160 v1
06190-1371

- 13 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1    be properly dismissed.  Trustee Corps reserves the right to challenge Plaintiff's

2    class action allegations if they survive dismissal on this motion.

3    **VIII.  IF THE COURT DOES NOT GRANT TRUSTEE CORPS' MOTION**

4          **TO DISMISS, IT SHOULD REQUIRE PLAINTIFF TO FILE A MORE**

5          **DEFINITE STATEMENT OF HIS CLAIMS**

6        The Federal Rule of Civil Procedure Rule 8 requires that all pleadings be

7    "simple, concise and direct."  *See* FRCP 8(e).  Pleadings must give fair notice of the

8    pleader's claim or defense so that opposing parties can respond, undertake

9    discovery and prepare for trial.  Although pro se plaintiffs are provided latitude

10    from strict pleading requirements, a pro se plaintiff must still comply with the

11    minimum pleading requirements established in Rule 8 of the Federal Rules of Civil

12    Procedure.  Pro se plaintiffs must allege "with at least some degree of particularity,

13    overt acts taken by each defendant which support his claims."  *Id*. at 1099.

14    "[F]ormulaic recitations of the elements of a cause of action will not do…. Factual

15    allegations must be enough to raise a right to relief above the speculative level."

16    *Bell Atlantic Corp. v. Twombly* (2007) __ U.S. __, 127 S.Ct. 1955, 1965, 167

17    L.Ed.2d 929.

18        Rule 12(e) of the Federal Rules of Civil Procedure specifically authorizes a

19    motion for a more definite statement.  It provides: "In a pleading to which a

20    responsive pleading is permitted is so vague or ambiguous that a party cannot

21    reasonably be required to frame a responsive pleading, the party may move for a

22    more definite statement before interposing a responsive pleading."  Such a motion

23    is appropriate where the defendant cannot ascertain the nature of the claim being

24    asserted, and thus cannot reasonably frame a proper response.  *See Famolare, Inc.*

25    *v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981).

26        Here, the Court should order Plaintiff to provide a more definite statement of

27    his claims if it does not grant Trustee Corps' motion to dismiss.  The 54-page

28    Complaint is incoherent and unintelligible.  To the extent the motion is denied and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371

- 14 -

DEFENDANT TRUSTEE CORPS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1    Trustee Corps must answer the allegations, it would be extremely difficult to do so

2    based on the state of the Complaint as it now stands.  It is difficult to discern

3    exactly what Plaintiff is alleging, since he mixes in facts with law, facts from

4    different foreclosure cases, with allegations thrown in that simply do not make

5    sense.  Trustee Corps is entitled to a Complaint of greater clarity so that it can

6    prepare for trial, conduct discovery, or even be able to assert applicable defenses.

7    **IX.    CONCLUSION**

8         The Complaint as to Trustee Corps should be dismissed without leave to

9    amend.  Alternatively, the Court should require Plaintiff to present a more definite

10   statement of his claims.

11

12   Dated:  September 6, 2016            Burke, Williams & Sorensen, LLP

13

14                                       By: _/s/ *Keiko J. Kojima*_____
                                             Richard J. Reynolds
15                                           Keiko J. Kojima
                                             Attorneys for Defendants
16                                           MTC Financial Inc. dba Trustee Corps

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4830-4503-9160 v1
06190-1371                          - 15 -        DEFENDANT TRUSTEE CORPS' MOTION TO
                                                     DISMISS PLAINTIFF'S COMPLAINT